IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WALTER ALLEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 11-693-SLR |
| | ) |
| PHIL MORGAN, Warden, and | ) |
| ATTORNEY GENERAL OF | ) |
| THE STATE OF DELAWARE, | ) |
| | ) |
| Respondents. | ) |

Walter Allen. Pro se petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

May 9, 2014
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Currently before the court is Walter Allen's ("petitioner") application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (D.I. 3) For the reasons that follow, the court will dismiss petitioner's § 2254 application as time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

## II. BACKGROUND

In August 2003, petitioner was indicted on the following charges: first degree robbery; possession of a firearm during the commission of felony; and second degree conspiracy. (D.I. 15 at 1) Petitioner was extradited to Delaware from Pennsylvania pursuant to the Interstate Agreement on Detainers ("IAD") and held pending trial. *Id.* On October 24, 2005, petitioner pled guilty to first degree robbery and possession of a firearm during the commission of a felony; in exchange, the State entered a nolle prosequi on the second degree conspiracy charge. *See Allen v. Morgan*, 23 A.3d 864 (Table), 2011 WL 2506956 (Del. June 22, 2011). That same day, the Superior Court sentenced petitioner to three years at Level V on the firearm conviction, and to an additional five years at Level V, suspended after two years for two years of probation, on the robbery conviction. *See Allen*, 2011 WL 2506956, at *1. Petitioner did not appeal his convictions or sentences.

On December 8, 2005, petitioner was transferred to Pennsylvania pursuant to the IAD to finish serving his Pennsylvania sentence. (D.I. 15 at 1) Exactly five years later, on December 8, 2010, petitioner was returned to Delaware to start serving his Delaware sentence. *Id.*

Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion") on January 6, 2011, and a petition for writ of habeas corpus on January 28, 2011. (D.I. 15 at 2) On February 2, 2011, the Superior Court denied both the Rule 61 motion and the petition for writ of habeas corpus, and petitioner did not appeal those decisions. *Id.* Instead, he filed a second habeas petition on March 1, 2011, and a second Rule 61 motion on March 18, 2011. The Superior Court denied both on April 2, 2011. *Id.* Petitioner appealed, and the Delaware Supreme Court affirmed both decisions. *See Allen v. Morgan*, 2011 WL 2506956 (Del. June 22, 2011)(petition for writ of habeas corpus); *Allen v. State*, 23 A.3d 864 (Table), 2011 WL 2739594 (Del. July 11, 2011)(Rule 61 motion).

Thereafter, petitioner filed the pending § 2254 application asserting four grounds for relief: (1) defense counsel provided ineffective assistance by failing to properly inform him about the laws prior to his acceptance of the plea agreement; (2) there was a miscarriage of justice; (3) petitioner is illegally being held past the completion of his Delaware sentence because the five years he spent in a Pennsylvania prison should be credited against the five-year Delaware sentence imposed on October 24, 2005; and (4) the flag that was in the Superior Court at the time of sentencing demonstrates that the Superior Court lacked jurisdiction to convict and sentence petitioner. (D.I. 3) The State filed an answer, asserting that the application should be denied in its entirety as time-barred or, alternatively, because the claims are procedurally barred. (D.I. 14)

## III. ONE-YEAR STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and it prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010)(equitable tolling); 28 U.S.C. § 2244(d)(2)(statutory tolling).

Petitioner's § 2254 application, dated August 2011, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Petitioner does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Therefore, the one-year period of limitations in this case began to run when petitioner's conviction became final under § 2244(d)(1)(A).

3

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the one-year period begins to run, upon expiration of the time period allowed for seeking direct review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Superior Court sentenced petitioner on October 24, 2005, and petitioner did not appeal that decision. In these circumstances, petitioner's conviction became final on November 23, 2005, the date on which the thirty-day appeal period expired. *See* Del. Supr. Ct. R. 6(a)(ii)(establishing a thirty day period for timely filing a notice of appeal).

Applying the one-year limitations period to that date, petitioner had until November 27, 2006, to timely file his application.[1] *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions). Petitioner, however, filed the instant application on August 8, 2011,[2] four years and nine months after the expiration of the limitations period. Thus, his habeas application is time-barred and should be dismissed, unless the time period can be statutorily or equitably tolled. The court will discuss each doctrine in turn.

---

[1] The one-year limitations period actually expired on Thursday, November 23, 2006, which was Thanksgiving, a federal holiday. The clerk's office was also closed on the following day, November 24, 2006. Therefore, the limitations period extended through the end of the next business day, Monday, November 27, 2006. *See* Fed. R. Civ. P. 6(a)(1)(C) & (3)(A).

[2] Pursuant to the prison mailbox rule, a pro se prisoner's habeas application is deemed filed on the date he delivers it to prison officials for mailing to the district court, not on the date the application is filed in the court. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003); *Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del. 2002)(date on petition is presumptive date of mailing and, thus, of filing). Applying this rule to the instant case, the court adopts August 8, 2011, as the date of filing because that is the date on petitioner's application

4

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000); *Price v. Taylor*, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002). In this case, petitioner filed his first Rule 61 motion in January 2011, a little more than four years after the expiration of the limitations period in November 2006. As such, neither of petitioner's two Rule 61 motions or his subsequently filed two petitions for a writ of habeas corpus have any statutory tolling effect. Accordingly, the application is time-barred, unless equitable tolling applies.

### B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, **and** (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 648-49 (emphasis added). With respect to the diligence requirement, the burden is on the petitioner to prove that he has been reasonably diligent in pursuing his rights;[3] equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* at 651-52; *Miller v. New Jersey State Dept. of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998). A petitioner's obligation to act diligently applies to both his filing of the federal habeas application and to his filing of state post-conviction applications. *LaCava v. Kyler*, 398 F.3d 271, 277

---

[3]*See Urcinoli v. Cathel*, 546 F.3d 269, 277 (3d Cir. 2008).

(3d Cir. 2005). In turn, the Third Circuit has explained that extraordinary circumstances for equitable tolling purposes may be found where:

> (1) the defendant actively misled the plaintiff;
> (2) the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) the plaintiff timely asserted his rights mistakenly in the wrong forum.

See *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001).

In this case, petitioner alleges that the limitations period should be equitably tolled because he was housed in a Pennsylvania prison from December 8, 2005 through December 7, 2010, and he did not have access to "material/book/cases needed to investigate/appeal/work on his case" during that incarceration. (D.I. 18 at 2) Petitioner also contends that his incarceration in Pennsylvania constitutes an extraordinary circumstance for equitable tolling purposes because, if the time he served in a Pennsylvania prison cannot not be credited against his Delaware sentence, "then his appeal time could not/should not have run. How can one time run, but not the other." *Id.*

This argument is unavailing. To begin, the fact that petitioner was incarcerated in another state does not, on its own, constitute an extraordinary circumstance. See *Downes v. Carroll*, 348 F. Supp. 2d 296, 303 (D. Del. 2004). Even if the court considers petitioner's out-of-state incarceration in conjunction with his allegation that he did not have access to "material/book/cases needed to investigate/appeal/work on his case" while incarcerated in Pennsylvania, the court cannot conclude that this combination of "factors" constitutes an extraordinary circumstance for equitable tolling circumstances. Notably, petitioner does not assert that he was denied access to his own case

6

materials, nor does he explain how he was actually prevented from filing a basic **federal** habeas application regarding his Delaware convictions. For instance, on June 13, 2008, petitioner filed a form habeas application concerning his Pennsylvania conviction in the District Court for the Eastern District of Pennsylvania. *See Allen v. Chamberlain*, Civ. A. No. 08-2772-BMS (E.D. Pa. June 13, 2008). If petitioner was able to procure the form habeas application he used to challenge his Pennsylvania conviction during his Pennsylvania incarceration, the court fails to understand why petitioner could not have procured a second application to challenge his Delaware conviction. Moreover, the general instructions for the form application that petitioner used to challenge his Pennsylvania sentence clearly explain AEDPA's one-year filing deadline and state that "if petitioner is attacking a judgment which imposed a sentence to be served in the future, petitioner must fill in the name of the state where the judgment was entered." (*See id.*, D.I. 1 at 1) The court also notes that petitioner's application regarding his Pennsylvania conviction clearly identified his Delaware sentence as a future sentence to be served after completing his Pennsylvania sentence, describing it as "5 years mandatory upon release from PA." (*Id.*, D.I. 1 at 13) Given all of these circumstances, the court concludes that petitioner has failed to demonstrate that his out-of-state incarceration left him without a "viable channel for having any of his claims addressed on the merits." *Urcinoli*, 546 F.3d at 276. Stated another way, the court cannot conclude that petitioner's incarceration in Pennsylvania "in some extraordinary way" prevented him from timely filing a habeas application concerning his Delaware conviction and sentence.

Nevertheless, even if the court were to view petitioner's incarceration in Pennsylvania as an extraordinary circumstance triggering equitable tolling, the instant application would still be untimely. Because the form application petitioner filed on June 13, 2008 (challenging his Pennsylvania conviction) contained clear and explicit directions on how to pursue § 2254 relief in general, the court views June 13, 2008 as the date on which petitioner knew, or should have known, how to pursue federal habeas relief with respect to his Delaware conviction and sentence. Consequently, any tolling triggered by petitioner's out-of-state incarceration ended on June 13, 2008. Adding one year to that date creates June 13, 2009 as the deadline for filing a timely federal habeas application concerning his Delaware conviction. Petitioner, however, did not file the instant application until August 8, 2011, and he does not provide any additional reason for tolling the limitations period from June 13, 2009 through August 8, 2011. Thus, the court cannot conclude that petitioner pursued his federal rights diligently during this additional time period.[4]

---

[4]The court acknowledges the possibility that petitioner may be attempting to allege that he mistakenly believed he had to wait until he was returned to a Delaware prison in December 2010 before he could pursue post-conviction remedies for his Delaware conviction, and also that he had to exhaust Delaware state remedies before he could file a federal habeas application challenging his Delaware conviction. Even if the court were to liberally construe petitioner's assertions in this manner, his ignorance of the law does not warrant equitable tolling. First, the court views petitioner's failure to investigate how to pursue Delaware post-conviction remedies while incarcerated in Pennsylvania as a failure to exercise reasonable diligence, because petitioner has not alleged that he requested, and was denied, Delaware legal materials during his Pennsylvania incarceration, or that he was denied access to his own case materials. Second, even if petitioner was confused about his ability to pursue post-conviction remedies in Delaware while incarcerated out of state, that confusion does not explain or excuse his failure to file a "protective" federal habeas application preserving his federal remedies in this court within one year of filing his federal habeas application in the Eastern District of Pennsylvania. *See, e.g., Pace v. DeGuglielmo*, 544 U.S. 408, 416 (2005)(noting that a habeas petitioner who is reasonably confused about whether a state post-conviction

For all of these reasons, the court concludes that the doctrine of equitable tolling does not render the instant application timely. Accordingly, the court will dismiss the application as time-barred.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 application, the court must also decide whether to issue a certificate of appealability. See 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

---

motion is properly filed for purposes of statutorily tolling AEDPA's one-year limitations period should file a "protective" habeas application in the federal court and request that the court stay and abey the federal habeas proceeding until state remedies are exhausted); *see also Heleva v. Brooks*, 581 F.3d 187, 191 (3d Cir. 2009).

The court has concluded that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is time-barred. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## VI. CONCLUSION

For the reasons stated, petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.